Pratt, J.
It is perfectly plain that the accident by which the plaintiff’s intestate lost his life, happened by the follower of the down going bucket becoming jammed in the ways, thus permitting the rope to run through it for a time, when it became loosened and descended with such velocity and force as to be broken and precipitated against the men in the up going bucket, one of whom was Burke, the intestate.
Exactly what Burke did immediately prior to the accident is disclosed in the evidence and there is no proof from which negligence upon his part could be inferred, on the contrary, the inference is plain that he exercised due care.
The issue as to the negligence of the defendants presents a question of more difficulty. The machinery and appliances were described with great minuteness, and a number of experts were examined as to its safety and suitableness for the uses for which it was intended to be applied.
The rules of law applicable to this class of cases are too familar to require statement.
So far as the opinions of experts go, the preponderance of evidence seems to be with the defendants, but the machinery and its previous operation having been described it became a question of fact for the jury to determine, whether the death of Burke was occasioned either by unsuitable appliances or by reason of the machinery being negligently left out of repair.
The witness, Olcott, testifies at great length to many imperfections in the machinery, in its construction, and to errors in its use rendering it unsafe. He also testified to certain precautions that might have been taken on the part of defendants to prevent just such an occurrence as this one. So that the case was one properly to be submitted to the determination of a jury.
We do not think the sufficiency of the machinery came within the risks assumed by the intestate in entering the employment. It was not a simple utensil which the servant could understand as well as the master, neither is there any proof that the deceased had any knowledge that *621 the machinery was unsafe or that it was out of repair or not properly cared for in its operation.
We have examined the exceptions taken upon the trial, but find no errors sufficient to warrant the granting of a new trial.
Judgment affirmed with costs.
Dykman, J., concurs; Barnard, P. J., not sitting.